UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EARL C. DAVIS,

    Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
LABOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, et al.,

    Defendants.

Civil Action No.  79-2561
HHK/DAR

## ORDER

By two motions now pending for consideration  by the undersigned United States Magistrate Judge, Plaintiff seeks (1) an order compelling Liberty Mutual Insurance Company ("Liberty Mutual"), Defendant George Hyman Construction Company's insurance carrier, to comply with the August 24, 1982 Order of this Court (Pratt, J.), as modified by the March 15, 2001 Order of the undersigned (Docket No. 50); and (2) the imposition of penalties upon Liberty Mutual pursuant to the same orders.  See Plaintiff's Motion to Compel Compliance with the Modified March 15th 2001 Order of this Court (Docket No. 111); Plaintiff's Motion to Impose Penalty on Defendant Employer's Carrier, Liberty Mutual Insurance Company for Violation of this Court's August 24, 1982 Order as Modified on March 15, 2001 (Docket No. 103).[1]  By these

---

[1]  An undisputed and entirely accurate discussion of the relevant background of this action is set forth by the Director, Office of Workers' Compensation Programs, United States Department of Labor ("Director"), in the response filed by the Director in accordance with the undersigned's order.  See Director's Response to Magistrate Robinson's July 1, 2005 Order ("Director's Response") (Docket No. 117) at 1-3.  The Director's discussion of the relevant background is incorporated herein by reference.

Davis v. Dept. of Labor, et al.                                                                                    2

motions, Plaintiff maintains that Liberty Mutual has "stopped" enumerated payments to various

health care providers as "a reprisal" for the undersigned's November 13, 2003 finding that Liberty

Mutual had violated the aforementioned orders of the Court.

Liberty Mutual, in its oppositions to the pending motions, maintains that (1) disputes

regarding Plaintiff's medical expenses are within the jurisdiction of the Director, and not of this

Court; (2) the employer "has not refused to pay for medical expenses"; and (3) the employer "has

not refused to reimburse [Plaintiff] for legitimate medical expenses." Employer's Response to

Claimant's Motion to Compel Per the Modified March 15, 2001 Order ("Employer's Response to

Motion to Compel") (Docket No. 104) at 2-3. Liberty Mutual further maintains that the

aforementioned orders of this court "dealt with direct reimbursement to Mr. Davis for his

expenses[,]" and that the orders "[do] not apply to calculating usual and customary payments and

then paying directly to the medical providers." Employer's Response to Deny Motion to Impose

Penalties (Docket No. 105) at 5-6.

Liberty Mutual submits that "at this juncture" the court lacks jurisdiction "to enforce

payment of the medical bills" because "the bills have not been addressed and reviewed by the

District Director, or appealed to the Administrative Law Judge." Employer's Response to Motion

to Compel at 7. Liberty Mutual represents that "[t]he motion filed with this Honorable Court was

the first notice the employer had that claimant had concerns [regarding] reimbursement to his

medical providers." Id. at 6.

Plaintiff, in his replies, denies that he "is . . . requesting this Court to hear a medical

entitlement claim." Plaintiff's Reply to Employer's Response to Claimant's Motion to Compel

Davis v. Dept. of Labor, et al.                                                                          3

Per the Modified March 15, 2001 Order (Docket No. 110) at 1; Plaintiff's Reply to Employer's

Response to Deny Motion to Impose Penalties (Docket No. 109) at 2-6.

      The Director, Office of Workers' Compensation Programs, United States Department of

Labor–the administrator of the Act pursuant to which Plaintiff receives workers' compensation

benefits–states that "Liberty Mutual's response is over inclusive and, at least for some of

[Plaintiff's] requests, incorrect."  Director's Response at 6.  The Director acknowledges that "the

express terms of the 1982 Order [address] only reimbursement requests submitted by Mr. Davis to

Liberty Mutual."  Id.  However, the Director suggest that even if  "nothing is due to be reimbursed

to Mr. Davis[,]" Liberty Mutual nonetheless may have violated the terms of the aforementioned

court orders in two respects:

> The fact that nothing is due to be reimbursed to Mr.
> Davis does not resolve the issue before this Court:
> whether Liberty Mutual violated the 1982 Order and
> Modified Order by failing to respond appropriately
> within 30 days of Mr. Davis' request for
> reimbursement, and, if so, the number of days the
> violation continued.
>
>     Likewise, even as to certain medical bills that
> Liberty Mutual paid, it may have nevertheless
> violated the terms of the Modified Order.  It is
> possible that Liberty Mutual paid but did so outside
> the time limits set forth in the orders and for these
> items, if Liberty Mutual did not provide Mr. Davis a
> written response within 30 days of presentation, the
> orders were violated.

      Upon consideration of these written submissions and the relevant record herein, the

undersigned will deny both motions without prejudice; require that Plaintiff, Liberty Mutual and

counsel for the Director meet and confer in person regarding the status of Liberty Mutual's

Davis v. Dept. of Labor, et al.                                                                           4

payment of claims for which entitlement has been determined; and require that Plaintiff, Liberty

Mutual and counsel for the Director file a status report thereafter.  The undersigned finds that the

instant written submissions evidence the continued inability of Plaintiff, Liberty Mutual and the

Director to meaningfully communicate regarding the status of Liberty Mutual's payment of claims

for which entitlement had been determined.[2]   In order to ensure that a record is developed

on which this court can determine whether or not Liberty Mutual violated the orders of this Court

by failing to adhere to the time limits and other requirements of the August 24, 1982 Order, as

modified by the March 15, 2001 Order, the undersigned will require that beginning immediately

and continuing through June 5, 2006, Plaintiff, Liberty Mutual and counsel for the Director meet

and confer in person, and prepare (1) a list of claims as to which Plaintiff maintains that

entitlement has been determined but Liberty Mutual has not complied with the orders of this

court, and (2) a list of   Liberty Mutual's responses to each such claim.  No later than June 26,

2006, Plaintiff, Liberty Mutual and counsel for the Director shall file a status report regarding

their efforts.  If disputes remain with respect to Liberty Mutual's compliance with the orders of

this court, then all such disputes shall also be addressed in the status report, and the lists of

disputed claims and Liberty Mutual's responses to each such claim shall be attached as an exhibit

---

[2]   While no meet-and-confer requirement was imposed by either Judge Pratt or the undersigned, it is evident
that much of the ongoing dispute regarding the status of Liberty Mutual's payment of claims for which entitlement
has been determined could have been avoided by an effort by Liberty Mutual to promptly address Plaintiff's
concerns.  Liberty Mutual's states that the pending motions were "the first notice the employer had that the claimant
had concerns [regarding] reimbursement to his medical providers"; however, the Director represents that Liberty
Mutual and Plaintiff "have repeatedly utilized the [Longshore and Harbor Workers' Compensation Act's]
administrative dispute resolution process[,]" and that the offices of the Director and of the Administrative Law
Judges "have convened Mr. Davis and Liberty Mutual on numerous occasions to address medical expense disputes."
Director's Response at 3; but see Employer's Response to Claimant's Motion to Compel at 6.

Davis v. Dept. of Labor, et al.                                                                                       5

to the status report.   Thereafter, the court will assess the need for an evidentiary hearing with

respect to any claim as which a dispute exists.


      It is, this 5th day of May, 2006,

      **SO ORDERED.**



                                                      /s/

                                                     DEBORAH A. ROBINSON
                                                     United States Magistrate Judge